## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

GERALD FORSBURG, <u>et al.</u>,     )
                                      )
       Plaintiffs,         )
                                      )     **Case No. 5:20-cv-00046**
              v.         )
                                      )     **By: Michael F. Urbanski**
WELLS FARGO & CO., <u>et al.</u>,   )     **Chief United States District Judge**
                                      )
       Defendants.      )

### <u>MEMORANDUM OPINION</u>

This matter is before the court on a motion filed by Gerald Forsburg, <u>et al.</u>, named plaintiffs in the proposed class action, to transfer this case to the Northern District of California. Defendants, Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), oppose transfer. Although there are four other identical proposed class actions against Wells Fargo pending in the Northern District of California, plaintiffs' allegations are insufficient at this stage to allow the court to conclude that they have met their burden of making a prima facie showing of general personal jurisdiction over Wells Fargo Bank in the Northern District of California. At the same time, however, the court concludes that the convenience of the parties and the interests of justice would compel a transfer of the <u>Forsburg</u> case to the Northern District of California should a sufficient prima facie showing of general personal jurisdiction be established. As such, the court **DENIES** without prejudice the motion to transfer the <u>Forsburg</u> case to the Northern District of California, ECF No. 80. The court **GRANTS** plaintiffs in the <u>Forsburg</u> case leave of court to file a Third Amended Complaint containing personal jurisdiction allegations concerning Wells Fargo Bank within

1

fourteen (14) days.[1] The parties will be permitted to conduct expedited jurisdictional discovery for a period of sixty (60) days. The court **DIRECTS** the parties to confer and schedule an evidentiary hearing on the issue of whether Wells Fargo Bank is subject to personal jurisdiction in the Northern District of California immediately following the conclusion of the expedited jurisdictional discovery period.

As further explained herein, the court **DENIES** the motion to transfer the <u>Harlow v. Wells Fargo</u> case, 7:20-mc-00030, concluding that the issue of general personal jurisdiction is not dispositive of the transfer motion in <u>Harlow</u>. Regardless of whether Forsburg is ultimately transferred to the Northern District of California, the court will retain <u>Harlow v. Wells Fargo</u>, 7:20-mc-00030, because it involves claims specific to bankruptcy proceedings and a proposed class of Chapter 13 debtors not found in the <u>Forsburg</u> or the Northern District of California cases and because none of the named plaintiffs in <u>Harlow</u> are residents of California.

## I.

Pending before this court are two related, yet different, putative class action cases. The cases are related in that they arise from actions allegedly taken by Wells Fargo to place mortgage loan accounts into forbearance status at the outset of the COVID-19 pandemic.

The <u>Harlow</u> adversary proceeding, No. AP 20-07028, filed in the bankruptcy court in this district on June 26, 2020, alleges a pattern of racketeering activity by the "Wells Fargo Enterprise," defamation, and other claims associated with the bankruptcy process.  The <u>Harlow</u> case seeks class certification of a class comprised of Chapter 13 debtors who have

---

[1] Because the court is granting the <u>Forsburg</u> plaintiffs leave to amend, the pending motion to dismiss the second amended complaint in the <u>Forsburg</u> case, ECF No. 44, is **DENIED** as moot without prejudice. The court will issue a ruling on the motion to dismiss the <u>Harlow</u> case in due course.

been subject to false forbearance notices filed in their Chapter 13 bankruptcy cases. Two of the named plaintiffs in the <u>Harlow</u> case are Virginia residents, one resides in North Carolina and one in Texas. None are from California.

The <u>Forsburg</u> case, filed in the district court on July 23, 2020, makes widespread claims against Wells Fargo stemming from the issuance of forbearance notices, including RICO, fraud, conspiracy, gross negligence, defamation, and various statutory claims. The <u>Forsburg</u> case does not include claims related to the bankruptcy process and seeks certification of a class including persons not involved in bankruptcy proceedings. The original complaint named only Gerald Forsburg as plaintiff. The complaint alleged that Forsburg owns property in Virginia.[2] The Forsburg complaint has been amended twice, and each time new named plaintiffs were added. On September 1, 2020, Jenna Doctor, a resident of Florida, and Luis and Marisol Castro, residents of Texas, were added. On September 25, 2020, Barbara Prado, a resident of California, was added.

In 2020, Wells Fargo asked the court to withdraw the reference of the <u>Harlow</u> case to the bankruptcy court and consolidate it with <u>Forsburg</u>. The court granted that motion on January 6, 2021, and immediately thereafter, on January 8, 2021, the <u>Forsburg</u> plaintiffs moved to transfer this case to the Northern District of California. After the matter was briefed, the parties asked to court to stay the proceeding to facilitate mediation. Joint Motion to Stay, ECF No. 90. The stay was extended at the request of the parties, and it ultimately was lifted on

---

[2] At the hearing conducted on December 16, 2021, the court learned that although Forsburg owns property in Virginia, he is a resident of New York. Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 26.

October 5, 2021.[3] Additional briefs were filed and oral argument was held on the motion to transfer and motion to dismiss on December 16, 2021.

As explained at the hearing and in briefing, the <u>Harlow</u> and <u>Forsburg</u> cases are but two of several putative class action cases filed regarding Wells Fargo forbearance practices. At the time of the motions hearing, there were two pending class action cases in the Northern District of California and two in the Southern District of California also seeking relief against Wells Fargo for allegedly placing its mortgage loan accounts into forbearance without consent.  The cases filed in the Northern District of California are <u>Green, et al. v. Wells Fargo Bank & Co., et al.</u>, No. 3:20-cv-5296 (N.D. Cal., filed July 31, 2020) ("<u>Green</u>"), and <u>Delpapa, et al. v. Wells Fargo Bank, NA., et al.</u>, No. 3:20-cv-6009-JD (N.D. Cal., filed Aug. 26, 2020) ("<u>Delpapa</u>").[4] The two cases filed in the Southern District of California are  <u>Urista v. Wells Fargo & Co., et al.</u>, No. 20-cv-1689-H-AHG (S.D. Cal., filed Aug. 29, 2020) ("<u>Urista</u>"), and <u>Healy, et al. v. Wells Fargo Bank, N.A., et al.</u>, No. 3:20-cv-1838-H-AHG (S.D. Cal., filed Sept. 18, 2020) ("<u>Healy</u>").

Early on, Wells Fargo sought to transfer the California cases to the Western District of Virginia so they could all be decided with the earlier filed <u>Harlow</u> and <u>Forsburg</u> cases, but the California courts declined to transfer those cases to Virginia. A docket text order was entered in <u>Delpapa</u>, ECF No. 30,[5] and written orders were entered in <u>Healy</u> and <u>Urista</u>. <u>See</u> <u>Healy</u>,

---

[3] Largely because of the extended stay jointly requested by the parties, the substantive development of the issues in this case has been delayed.

[4] <u>Green</u> has been consolidated with <u>Delpapa</u> in the Northern District of California. Order Administratively Closing Related Case, <u>Delpapa</u>, No. 3-20-CV-06009-JD (N.D. Cal. Jan. 12, 2021).

[5] At the December 16, 2021 hearing, counsel for plaintiffs paraphrased the district judge in the Northern District of California as follows: "Judge Donato said something to the effect of there are many California plaintiffs, the case is going to stay here." Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 12.

2020 WL 7074939 (S.D. Cal. Dec. 3, 2020) (finding no personal jurisdiction in Virginia); Urista, 2020 WL 7385847 (S.D. Cal. Dec. 16, 2020) (declining to transfer under the first-to-file rule).

Subsequently, counsel for the plaintiffs in Healy, Urista, Green, Delpapa, and Forsburg entered into a joint prosecution agreement and agreed to seek consolidation of those five cases in a single matter pending in the Northern District of California. Mot. to Transfer, ECF No. 80 at 4. At the time of the hearing on the motion for transfer, the Healy and Urista plaintiffs had filed motions to transfer those cases from the Southern District of California to the Northern District of California to consolidate them with the Delpapa case. Id. Since then, both Urista and Healy have been transferred to the Northern District of California. Plaintiffs' Notice of Rulings in Related Cases, ECF No. 112 at 1. Additionally, the Northern District of California granted plaintiffs' motion to relate Urista and Healy with Delpapa, so all four cases will now be heard by the same district judge. Plaintiffs' Notice of Rulings in Related Cases, ECF No. 115 at 1.

After the filing of the motion to transfer, an additional case was filed in the Western District of Washington, seeking the same relief against Wells Fargo for its alleged practice of placing consumers' loans into forbearance without consent. Suppl. in Supp. of Mot. to Transfer, ECF No. 97 at 2. The latest case is Echard, et. al v. Wells Fargo Bank, N.A., No. C21-0111-JCC (W.D. Wash., filed January 28, 2021) ("Echard"). Echard involves an Ohio resident and Ohio property, and was briefly transferred to the Northern District of California before moving on to the Southern District of Ohio. Id. at 2–3.[6]

---

[6] Counsel for the plaintiffs in Green, Delpapa, Urista, Healy, Forsburg, and Harlow have filed a motion to intervene in the Echard case pending in Ohio for the purpose of having that case stayed or transferred to a single forum. Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 10. The motion to intervene in Echard is pending.

## II.

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." However, a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice[,] [. . .] transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts typically consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs. Inc., 791 F.3d 436, 444 (4th Cir. 2015). The party moving for transfer bears the burden of demonstrating that the balance of interests weighs in favor of transfer. See, e.g., Uretek, ICR Mid-Atlantic, Inc. v. Adams Robinson Enters., Inc., No. 3:16CV00004, 2017 WL 4171392, at *5 (W.D. Va. Sept. 20, 2017) (citations omitted).

In ruling on motions to transfer venue, courts must first determine the threshold issue of whether the lawsuit could have initially been filed in the court to which transfer is sought. 28 U.S.C. § 1404(a). See also Dickson Props., LLC v. Wells Fargo Bank, N.A., No. 7:16-cv-527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017) ("Whether to transfer venue therefore turns on two questions: (1) whether venue is proper in the proposed transferee district, and (2) whether considerations of justice and convenience justify the transfer." (citing Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003))). Courts must next determine "whether considerations of justice and convenience justify the transfer" sought. Dickson Props., 2017 WL 3273380, at *2. "The convenience of the witnesses is of considerable importance in determining whether a transfer of venue is appropriate under Section 1404(a)."

6

Mullins v. Equifax Info. Servs., LLC, No. Civ. A. 3:05CV888, 2006 WL 1214024, at *7 (E.D. Va. Apr. 28, 2006).

### A. General Personal Jurisdiction[7]

The parties disagree as to whether one of the two Wells Fargo entities sued in this case is subject to general personal jurisdiction in the Northern District of California. The parties agree that the holding company, Wells Fargo & Co., is based in San Francisco and is subject to general personal jurisdiction there. Second Am. Compl., ECF No. 29, ¶5; Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 25. But Wells Fargo contends that Wells Fargo Bank, N.A., a national banking association having its main office in South Dakota, is only subject to general personal jurisdiction in South Dakota.

The Due Process Clause of the Fourteenth Amendment constrains a state's authority to bind a nonresident defendant to a judgment of its courts. World-Wide Volkswagen Corp., v. Woodson, 444 U.S. 286, 291 (1980). Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe v. Washington, 326 U.S. 310, 316 (1945). The primary focus of the personal jurisdiction inquiry is the defendant's relationship to the forum state. A court may constitutionally exercise either general (sometimes called "all-purpose") jurisdiction or specific (sometimes called "case-linked") jurisdiction over a party, or both.

---

[7] This opinion addresses general personal jurisdiction as the second amended complaint contains no allegations as to specific personal jurisdiction over Wells Fargo Bank in the Northern District of California.

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State.

Bristol-Myers Squibb Co. v. Superior Court of Cal., 137 S. Ct. 1773, 1780 (2017) (quoting

Goodyear Dunlop Tires Operations, SA v. Brown, 564 U.S. 915, 919, 924 (2011); Daimler AG

v. Bauman, 571 U.S. 117, 127 (2014)) (internal quotations and citations omitted).

A corporation's principal place of business is determined by identifying the corporation's "nerve center," i.e., where its "officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010). "[I]t should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93. "The public often…considers it the corporation's main place of business." Id. Even if the bulk of a company's business activities visible to the public takes place in one state, but its top officers direct those activities in a different state, the principal place of business would be where the officers are directing the activities. See id. at 96.

The parties disagree as to whether Wells Fargo Bank, a national banking association, should be treated differently than state chartered banks and other corporations for purposes of general jurisdiction. Wells Fargo argues that there is no basis for a California court to exercise general personal jurisdiction over Wells Fargo Bank because it is a national banking association having its main office in South Dakota. Plaintiffs argue that Wells Fargo & Co. controls Wells Fargo Bank, and that the forbearance decisions at issue in this case were made

on a national level in San Francisco.

Wells Fargo relies upon <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303 (2006), and <u>Rouse v. Wachovia Mortg. FSB</u>, 747 F.3d 707 (9th Cir. 2014), to support its argument that general personal jurisdiction over a national banking association only lies in the state where it maintains its main office. These cases are not determinative, however, as they concern the issue of citizenship for subject matter jurisdiction, as opposed to contacts with the forum necessary for general personal jurisdiction.

In <u>Wachovia Bank</u>, for example, the Court held that, for diversity jurisdiction purposes, a national banking association is a citizen of the state where its main office, as set forth in its articles of association, is located, and is not a citizen of a state simply by having a branch office located there. 546 U.S. at 307. The Court noted that Congress sought to place national banks on the same jurisdictional footing as state banks, and that basing citizenship for diversity jurisdiction purposes on the location of a branch office would unduly restrict a federally chartered bank's access to federal court. In so doing, the Court made it clear that its holding applied to citizenship for subject matter jurisdiction purposes, and not venue, noting "the discrete offices of those concepts." <u>Id.</u> at 319.

Likewise, <u>Rouse</u> concerned citizenship of a national banking association for subject matter jurisdiction purposes. After the Rouses filed suit in state court against Wells Fargo Bank, N.A., and its Wachovia Mortgage division, Wells Fargo Bank removed the case to federal court. After the federal district court dismissed the original complaint, the Rouses amended their claim, this time asserting only state causes of action. The district court remanded the case to state court, concluding that no diversity of citizenship existed between

9

the Rouses, California residents, and Wells Fargo Bank, with its main office in South Dakota and its principal place of business in California. The Ninth Circuit reversed, finding that for subject matter jurisdiction purposes, "a national bank is a citizen only of the state in which its main office is located." Rouse, 747 F.3d at 709. Thus, although the Ninth Circuit found that Wells Fargo Bank had its principal place of business in California, complete diversity existed because the citizenship of the national bank was determined by the location of its main office.

Wachovia Bank and Rouse concerned citizenship of a national bank for subject matter jurisdiction purposes, which is distinct from the principal place of business or "nerve center" inquiry relevant to general personal jurisdiction. As such, these cases do not carry the day for Wells Fargo.

This issue of general personal jurisdiction over Wells Fargo Bank was recently addressed by the Southern District of California in the Urista and Healy cases, where the court held that a national banking association's main office is not necessarily its principal place of business for general jurisdiction purposes. The court's analysis is persuasive.

> Ultimately, the Court does not consider a national banking association's main office to be its principal place of business for general jurisdiction purposes. To hold otherwise would be in tension with Supreme Court precedent. The Supreme Court set forth the framework for evaluating a corporation's principal place of business in Hertz Corp. v. Friend, 559 U.S. 77 (2010). Under Hertz, a corporation's principal place of business is "the place where a corporation's officer's direct, control, and coordinate the corporation's activities. Id. at 92-92. This place is often referred to by courts as the "nerve center" of the corporation. Id. at 93. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings. . . ." Id. "A corporation's 'nerve center' usually its main headquarters, is a

single place. The public often (though not always) considers it the corporation's main place of business." Id. Defendants produce no authority that supports an exception to the Hertz framework for national banking associations.

An exception for national banking associations would be contrary to the Supreme Court's opinion in Wachovia Bank. A key principle underlying the Court's decision in Wachovia Bank is that national banking associations should not be treated differently than other corporate bodies for jurisdictional purposes. Wachovia Bank, 546 U.S. at 307 ('[w]ere we to hold . . . that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities. Congress, we are satisfied, created no such anomaly."). Defendants' position advantages national banking associations vis-à-vis state-incorporated banks with regard to personal jurisdiction; this outcome is counter to Wachovia Bank.

Urista, 2022 WL 194278, at *4 (S.D. Cal. Jan. 11, 2022); Healy, 2022 WL 104733, at *4 (S.D. Cal. Jan. 11, 2022). In short, as the court concluded in Urista and Healy, the Hertz principal place of business or "nerve center" framework applies to national banking associations, just as it does to other corporations.

In deciding to transfer Urista and Healy to the Northern District of California, the Southern District of California distinguished an earlier decision by the Northern District of California in Haring v. Wells Fargo Bank. N.A., No. C-18-3310 SBA, 2018 WL 10471109 (N. D. Cal. Oct. 17, 2018), based on the "different allegations concerning Wells Fargo's citizenship," in that case. Urista, 2022 WL 104278, at *4; Healy, 2022 WL 104733, at *4. In Haring, plaintiff alleged that Wells Fargo Bank was a citizen of a state other than California, yet "resides and had the corporate obligations to supervise their employees, members, officers (sic) of the executions of its documents." Haring, 2018 WL 10471109, at *4 n5. The Haring

court appropriately found these scant allegations insufficient to establish general personal jurisdiction.

In opposing the transfer to California, Wells Fargo relies as well on First Nat'l Bank of Pennsylvania v. Transamerica Life Ins. Co., No. 14-1007, 2016 WL 520965 (W.D. Pa. Feb. 10, 2016), but this case does not support Wells Fargo's argument that general jurisdiction over it should be confined to South Dakota, where its main office is located. Rather, the court agreed with JPMorgan Chase Bank, N.A.'s argument "that the 'paradigm all-purpose forums' set forth in Goodyear and Daimler for determining where a corporation is subject to general jurisdiction—its place of incorporation and its principal place of business—also determine where national banking associations are subject to general jurisdiction." Id. at *5. While the court disagreed with "[p]laintiff's argument that federally chartered entities are subject to general jurisdiction in every state in which their business activities are continuous and systematic," id., that does not appear to be Forsburg's position in this case. Rather, Forsburg appears to base his argument for general personal jurisdiction over Wells Fargo Bank in the Northern District of California on his allegations that "Wells Fargo & Co. [headquartered in San Francisco] exercises specific and financial control over the operations of Defendant Wells Fargo Bank, N.A., dictates the policies, procedures, and practices of Wells Fargo Bank, N.A., exercises power and control over the specific activities upon which the claims herein are based, and is the ultimate recipient of the ill-gotten gains described herein." Second Amended Complaint, ECF No. 29, at ¶¶5, 7.

The same analysis applies to Miller v. Native Link Constr., LLC, No. 15-1605, 2017 WL 536175 (W.D. Pa. Aug. 17, 2017), another case cited by Wells Fargo, where the court

applied the <u>Daimler</u> and <u>Goodyear</u> test to Chase Bank, a national banking association, and found it "may be 'fairly regarded as at home,' and subject to general jurisdiction, in Ohio—the location of its principal place of business." <u>Id.</u> at *21. Consistently, in <u>Reis v. Fifth Third Bank</u>, No. 8:20-cv-081189-KES, 2020 WL 7062398 (C.D. Cal. Oct. 2, 2020), also relied upon by Wells Fargo, the court stated "[a]lthough the Bank in this case is a national banking association rather than a corporation, courts apply the same analysis regarding general personal jurisdiction to these types of organizations." <u>Id.</u> at *3. The court's decision in <u>Reis</u> that there was no general personal jurisdiction over the national bank in that case is not determinative here because there it was undisputed that the national bank had its principal place of business and main office in Ohio. In short, the cases cited by Wells Fargo do not support its argument that general personal jurisdiction only exists as to a national banking association in the state where its main office is located.

Having rejected Wells Fargo Bank's argument that it is only subject to general personal jurisdiction in South Dakota, where its main office is located, and instead applying the principal place of business or "nerve center" test, the issue facing the court is whether there is a sufficient factual basis upon which the court can make that determination in this case. Four allegations of the second amended complaint bear on this issue.

> 5.  Defendant Wells Fargo & Co. is a diversified financial services company headquartered in San Francisco, California that provides banking, insurance, investments, mortgage banking, and consumer finance through banking stores, the internet, and other distribution channels to customers, businesses, and other institutions in all 50 states and in other countries.

> 7.  Wells Fargo & Co. is the parent corporation of Defendant Wells Fargo Bank, N.A. Wells Fargo & Co. exercises specific and financial control over the operations of Defendant Wells Fargo

Bank, N.A., dictates the policies, procedures, and practices of Wells Fargo Bank N.A., exercises power and control over the specific activities upon which the claims herein are based, and is the ultimate recipient of the ill-gotten gains described herein. Wells Fargo & Co. represents on its website that it controls and sets the standard for its loan servicing business, stating that:

> Wells Fargo & Company Responsible Servicing Principles for U.S. Residential Real Estate Lending . . . Well's Fargo's vision to satisfy all our customers' financial needs . . . Similarly, we have long adhered to [ ] responsible servicing practices. . . .

9. Defendant Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Co. Wells Fargo Bank, N.A. is a national association that is headquartered in South Dakota and may be served with process through its registered agent, Corporate Service Company, at 10 Shockoe Slip, Fl 2, Richmond, VA 23219. Wells Fargo Bank, N.A. can also be served through Charles Scharf, CEO, at 101 North Phillips Avenue Sioux Falls, SD 57104.

10. Wells Fargo Bank, N.A. conducts mortgage servicing operations through its Wells Fargo Home Mortgage division, which is headquartered in Des Moines, Iowa. Plaintiffs' mortgage loans are currently serviced by Wells Fargo Bank, N.A.

Second Am. Compl., ECF No. 29, at 2–4.

For its part, Wells Fargo Bank argues that it is only subject to general personal jurisdiction in South Dakota, where it has its main office. Wells Fargo argued at the December 16, 2021, hearing that "the bank, the operational entity that really is at issue here, is in South Dakota. . . . Wells Fargo & Co. is a holding company that has no operations and has nothing to do with the underlying facts." Dec. 16, 2021, Hr'g. Tr., ECF No. 108, at 25. At oral argument, counsel for plaintiffs countered:

> But, you know, in terms of the traditional nerve center, where is the forum where they can reasonably expect to be hailed into court, where they would be home in court, they have in all these briefings, despite having ample opportunity to do so, never been

14

willing to step out on a limb and tell any court that we've been able to find that their principal place of business is anywhere but San Francisco, Northern California.

Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 17.

Because plaintiffs seek to transfer this case to the Northern District of California, it is their burden to establish personal jurisdiction there. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936). The Fourth Circuit has held that where "the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden of making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009). "In considering whether the plaintiff has met this burden, the district court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). The Ninth Circuit is in accord. "[I]n the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

The Urista and Healy court concluded that the plaintiffs therein "sufficiently carrie[d] their] burden to establish that Wells Fargo is subject to general personal jurisdiction in the Northern District of California." Urista, 2022 WL 104278, at *6; Healy, 2022 WL 104733, at *5. The court made this determination based on statements made in the briefs filed on the motions to transfer in those cases that Wells Fargo Bank had its principal place of business or primary headquarters in the Northern District of California. Urista, 2022 WL 104278, at *5

("Plaintiff sets forth the following allegations in his moving papers and reply: (1) Wells Fargo's principal place of business is located in the Northern District of California"); Healy, 2022 WL 104733 at *5 ("Plaintiff sets forth in the following allegations in his moving papers and reply: (1) Wells Fargo's primary headquarters is in San Francisco, California").

In contrast, the court has scoured the allegations in Forsburg's second amended complaint and assertions in the motion to transfer briefing, and can discern no specific allegation or assertion that Wells Fargo Bank's principal place of business or primary headquarters is in the Northern District of California or San Francisco. Rather, Forsburg alleges that the parent corporation, Wells Fargo & Co, is headquartered in San Francisco, that it controls Wells Fargo Bank, and that the "alleged actions occurred at a national level." Mot. to Transfer, ECF No. 80, at ¶26; see Reply in Supp. Mot. to Transfer, ECF No. 88, at 3,8 ("Defendant Wells Fargo & Co's national headquarters is also in San Francisco, California. . . . Plaintiffs could have originally filed this case in the Northern District of California because Wells Fargo & Co.'s corporate headquarters is in San Francisco, California."). In short, the jurisdictional contentions in Forsburg fall short of what was before the court in Urista and Healy.

The Urista and Healy court also cited an admission by Wells Fargo in a filing in district court in the Eastern District of Louisiana that "the Northern District of California [is] where Wells Fargo maintains its principal place of business," and statements in other cases that Wells Fargo Bank's principal place of business is in San Francisco or California. Urista, 2022 WL 104278, at *5; Healy, 2022 WL 104733, at *5. As recited in the Urista and Healy decisions,

> These cases include the following: Rouse, 747 F.3d at 709 (Wells Fargo's "principal place of business is in California"); Grace v.

> Wells Fargo Bank, N.A., 926 F. Supp. 2d 1173, 1175 n.1 (S.D. Cal. 2013) (noting that "Wells Fargo does not contest that its principal place of business is in San Francisco ..."); Singer v. Wells Fargo Bank, N.A., 2012 WL 2847790, at *1 (C.D. Cal. 2012) ("[i]n other cases, Wells Fargo has conceded that its principal place of business is in California"); Mount v. Wells Fargo Bank, N.A., 2008 WL 5046286, at *1 (C.D. Cal. 2008) ("Wells Fargo Bank, N.A.... has regularly described its principal place of business as San Francisco ..."). Other courts in the Ninth Circuit have made similar observations. See, e.g., Flores v. Wells Fargo Bank, N.A., 2012 WL 832546, at *1 (N.D. Cal. 2012) ("Wells Fargo's principal place of business ... is California"); Uriarte v. Wells Fargo Bank, N.A., 2011 WL 5295285, at *1 n. 2 (S.D. Cal. 2011) ("Wells Fargo does not contest that its principal place of business is in San Francisco ...").

Urista, 2022 WL 104278, at *5; Healy, 2022 WL 104733, at *5. Wells Fargo argued in Urista and Healy, as it does here, that simply because it may choose not to assert a personal jurisdiction defense in one case does not bind the court here. Urista, 2022 WL 104278, at *6; Healy, 2022 WL 104733, at *5; Dec. 16, 2021, Hr'g Tr., ECF No. 108, at 24. The Urista and Healy court rejected this argument, noting that in several of these cases, "the courts stated affirmative conclusions about Wells Fargo's principal place of business. Their conclusions were not based on Wells Fargo's concession as to personal jurisdiction." Urista, 2022 WL 104278, at *6; Healy, 2022 WL 104733, at *5.

Construing the jurisdictional allegations in the second amended complaint and the assertions in the motion to transfer briefing in the light most favorable to plaintiffs as required by Fourth Circuit precedent, the court is unable to conclude that the Forsburg plaintiffs have sufficiently made a prima facie showing of general personal jurisdiction over Wells Fargo Bank in the Northern District of California. While the facts alleged and the record in the cases cited in Urista and Healy were sufficient to convince those courts that Wells Fargo Bank's principal

place of business was in San Francisco, insufficient facts are alleged and otherwise adduced in this case. As such, Forsburg's motion to transfer this case to the Northern District of California is **DENIED** without prejudice.

The court will **GRANT** the <u>Forsburg</u> plaintiffs leave of court to file a Third Amended Complaint within fourteen (14) days, and will allow the parties to engage in an expedited period of jurisdictional discovery for sixty (60) days. Should the <u>Forsburg</u> plaintiffs renew their motion to transfer, the court will conduct an evidentiary hearing on the issue as to whether Wells Fargo Bank is subject to personal jurisdiction in the Northern District of California. Counsel are directed to confer and schedule an evidentiary hearing no later than in June or July, 2022.

### B. Section 1404(a).

While the question of general personal jurisdiction remains open pending filing of the third amended complaint and completion of jurisdictional discovery, the court concludes that the §1404(a) factors support transfer of this case. Plaintiffs argue that the convenience of the parties, including convenience to Wells Fargo in not having to litigate similar, almost identical claims, on both the east and west coasts at the same time, justifies transfer to the Northern District of California. Mot. to Transfer, ECF No. 80 at 5. They point out that when Wells Fargo sought to have <u>Delpapa</u> transferred to this district, it acknowledged that "the parties are substantially similar, the issues are substantially similar," and asserted that allowing separate cases to proceed would oppose the interest of justice and convenience. <u>Id.</u> (citing <u>Delpapa</u>, Motion to Transfer, ECF No. 12, p. 4–9).

Wells Fargo argues that witness convenience disfavors transfer because "the moving

party must make a specific showing" that the current venue is inconvenient to the witnesses to demonstrate that transfer is proper. Resp. in Opp. to Mot. to Transfer, ECF No. 83 at 5 (citing Elec. Transaction Network v. Katz, 734 F. Supp. 492 (N.D. Ga. 1989)). Wells Fargo claims that if the moving party fails to identify witnesses, the convenience of the witnesses disfavors transfer. Id. (citing Bd. of Trs. v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007)). Wells Fargo also contends that because each of the fifteen party witnesses Wells Fargo has identified do not live in the Northern District of California, that district would be inconvenient for them. Id. at 5–6.

Plaintiffs respond that transferring this case to the Northern District of California would be more convenient for the witnesses and parties because they would not have to appear in two forums. Reply to Mot. to Transfer, ECF No. 88 at 12. Plaintiffs argue that transfer would prevent the witnesses from having to travel to both districts for discovery and trial. Id. (citing Mamani v. Bustamante, 547 F. Supp. 2d 465, 473–74 (D. Md. 2008)). Plaintiffs also assert that the Northern District of California is a convenient forum for the parties because the Forsburg, Delpapa, Urista, and Healy plaintiffs have agreed to work together, and requiring them to litigate in multiple forums would be inconvenient. Id. at 13.

The convenience of the parties and witnesses clearly favors transfer in this case since each pending case would likely have some or all of the same witnesses, and transfer would prevent these witnesses from having to travel back and forth across the country to testify in multiple courts. Importantly, while one of the Forsburg plaintiffs, Barbara Prado, lives in the Northern District of California, none live in the Western District of Virginia. The only plaintiff in the Forsburg case with any ties to Virginia is Gerald Forsburg, a resident of New York

owning property in the Western District of Virginia. The other named plaintiffs in <u>Forsburg</u> live in Texas and Florida. Plainly, given that Prado lives in the Northern District of California, no named plaintiffs live in the Western District of Virginia, and there are four other putative class actions addressing the same issues raised in <u>Forsburg</u> pending in the Northern District of California, which are being handled by the same district judge as consolidated or related cases, retaining the case in the Western District of Virginia is less convenient for the parties and witnesses.

Factors considered when evaluating the interests of justice include efficient use of judicial resources, avoidance of unnecessary waste and expense, and avoidance of inconsistent adjudications. <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19, 26–27 (1960); <u>Amoco Production Co. v. U.S. Dept. of Energy</u>, 469 F. Supp. 236, 244 (D.C. Del. 1979).

Plaintiffs assert that since the parties and issues in the various cases are substantially similar, allowing separate cases to proceed would oppose the interests of justice. Mot. to Transfer, ECF No. 80 at 6 (citing <u>Delpapa</u>, Motion to Transfer, Docket No. 12, p. 4–9). Plaintiffs explain that each of these cases concern the same subject matter—Wells Fargo's practice of placing borrowers' accounts into forbearance without authorization. Reply to Mot. to Transfer, ECF No. 88 at 4. Plaintiffs assert that allowing these cases to proceed separately would result in a "tremendous waste of time, energy, and money." <u>Id.</u> They also point to the risk of "inconsistent rulings, which could produce appeals and otherwise impede the efficient resolution of this matter." <u>Id.</u> Furthermore, they assert that it would drive up the cost of the litigation. <u>Id.</u> at 5. Plaintiffs conclude that "the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a

different direction." Id. at 6. (citing Byerson v. Equifax Information Services, LLC, 467 F.

Supp. 2d 627, 635 (E.D. Va. 2006) (internal citation omitted)).

Defendants argue that docket conditions in the Western District of Virginia favor

resolution here because the Western District of Virginia had fewer cases per judge in 2020

than in the Northern District of California. ECF No. 83 at 10. Also, in 2019, the average wait

in the Western District of Virginia from filing to trial was 20 months, whereas the average wait

from filing to trial in the Northern District of California was 44 months. Id. Defendants claim

that the greater congestion in the Northern District of California disfavors transfer. Id.

However, Plaintiffs counter by arguing that "different cases, especially complex cases like this

case, will be resolved in their own time," and they cite Inline Connection Corp. v. Version

Internet Services, Inc., 402 F. Supp. 2d 695, 702 (E.D. Va. 2005), where the court found that

docket conditions cannot be the primary factor for retaining a case in a district. Reply to Mot.

to Transfer, ECF No. 88 at 11.

Here, the interests of justice favor transfer because it would allow five of the six

pending putative class action cases to be considered together by the same district judge. While

the relative case loads in the Northern District of California and the Western District of

Virginia support retaining Forsburg here, that statistical advantage is more than offset by the

manifest inefficiency in having competing class actions pending in California and Virginia

addressing the same issues.

### III.

Forsburg was previously consolidated with a related case, Harlow, et. al v. Wells Fargo

& Co., et. al., Adversary No. 20-07028. Jurisdiction over the Harlow case was withdrawn from

bankruptcy court largely because of Count I, alleging a class-wide RICO claim. Harlow, Mem. Op., ECF No. 14, at 12. However, Harlow also involves a number of bankruptcy-specific issues not present in Forsburg or the cases pending in the Northern District of California. Further, the plaintiffs in Harlow ask the court to certify a different class involving Chapter 13 debtors. The differences in the claims alleged and the proposed class in Harlow render negligible the judicial efficiencies to be gained by transferring it to California. Further, while none of the Forsburg plaintiffs live in the Western District of Virginia, two of the Harlow plaintiffs, Troy Harlow and Mark Estes, are residents of the Western District of Virginia, making it more inconvenient for them to have their case litigated in California. Likewise, none of the Harlow plaintiffs are California residents. Accordingly, the court will retain the Harlow case on the docket of the Western District of Virginia.[8]

## IV.

In light of the foregoing, the court **DENIES** without prejudice plaintiffs' motion to transfer the Forsburg case to the Northern District of California, ECF No. 80. The court **GRANTS** plaintiffs in the Forsburg case leave of court to file a Third Amended Complaint containing personal jurisdiction allegations concerning Wells Fargo Bank within fourteen (14) days. Because the court is granting the Forsburg plaintiffs leave to amend, the pending motion to dismiss the second amended complaint in the Forsburg case, ECF No. 44, is **DENIED** as moot without prejudice. The parties will be permitted to conduct expedited jurisdictional discovery for a period of sixty (60) days. The court **DIRECTS** the parties to confer and

---

[8] Should the court ultimately determine to transfer Forsburg to the Northern District of California following the expedited period of jurisdictional discovery and evidentiary hearing, the court will order that Forsburg and Harlow are no longer consolidated.

schedule an evidentiary hearing on the issue of whether Wells Fargo Bank is subject to personal jurisdiction in the Northern District of California immediately following the expedited jurisdictional discovery period, and no later than in June or July 2022.

The court **DENIES** plaintiffs motion to transfer the Harlow case to the Northern District of California, ECF No. 80.

It is so **ORDERED**.

Entered: March 30, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.03.30 16:55:30
-04'00'

Michael F. Urbanski
Chief United States District Judge